# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50519
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMUNDO FONSECA-TREVINO, also known as Raymond Trevino Fonseca, also known as Ray Trevino, also known as Raymond Fonseca, also known as Raymond Trevino, also known as Raymond T., also known as Ray Fonseca,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-871-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Raymundo Fonseca-Trevino (Fonseca) pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326(a), (b)(2). The district court sentenced him to 27 months in prison, which was at the bottom of his advisory guidelines range of imprisonment. Fonseca argues that his sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is unreasonable because it is greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

Fonseca did not present this argument in the district court. Thus, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Although Fonseca challenges the application of the plain error standard, he concedes that his argument is foreclosed. *See id.* To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

First, we have consistently rejected Fonseca's argument that U.S.S.G. § 2L1.2 results in an excessive sentence because it is not empirically based. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). Second, the record reflects that the district court considered the advisory guidelines range of imprisonment, Fonseca's arguments for a more lenient sentence, Fonseca's statements in allocution, and the § 3553(a) factors before determining that the advisory guidelines range of imprisonment was fair and reasonable. The record thus reflects that the district court made an individualized determination at sentencing based on the facts presented and in light of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 50 (2007).

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007). Fonseca has not shown that the district court failed to give proper weight to his arguments or to any particular § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has failed to rebut the presumption of

No. 13-50519

reasonableness that attaches to his within-guidelines sentence, *see Alonzo*, 435 F.3d at 554-55, and he has not shown that the district court erred, plainly or otherwise, *see Puckett*, 556 U.S. at 135; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the district court's judgment is AFFIRMED.